IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DALE MAXIMILIANO ROLLER,
an individual, a/k/a Dale Maximiliano
Roller Ramirez,

          Plaintiff,

v.

ALFREDO NUNEZ HERRERA,
an individual; and CHURCHILL
LEONARD, PC, a/k/a Churchill
Leonard Lawyers, an Oregon
Professional Corporation,

          Defendants.

No. 3:18-CV-00057-HZ


OPINION & ORDER

Dale Maximiliano Roller
40 South 4th St.
Independence, OR 97351

       *Pro Se*

Daniel L. Lis
Nena Cook
ATER WYNNE, LLP
1331 N.W. Lovejoy St., Ste. 900
Portland, OR 97209-3280

       Attorneys for Defendants


1 – OPINION AND ORDER

HERNÁNDEZ, District Judge:

Pro Se Plaintiff Dale Maximiliano Roller brings claims under the Fair Debt Collection Practices Act and the Oregon Unlawful Trade Practices Act as well as common-law claims for Abuse of Process, Fraud, and Breach of the Duty of Good Faith. Defendants Alfredo Nunez Herrera and Churchill Leonard, PC, now move to dismiss this action under Federal Rule of Civil Procedure 12(b)(5) for ineffective service of process. For the reasons that follow, the Court finds service was ineffective. The Court, however, denies Defendants' Motion to Dismiss and directs Plaintiff to re-serve Defendants within thirty days of this Order.

## BACKGROUND

Plaintiff proceeds in this action *in forma pauperis*. Order, ECF 4. Plaintiff filed his Complaint on January 10, 2018, and his First Amended Complaint on January 31, 2018. Compl. ECF 2; Am. Compl., ECF 9. On January 31, 2018, copies of the summonses, complaint, and form USM 285 were forwarded to the U.S. Marshals for service.[1] ECF 8. Plaintiff provided two addresses for Defendant Herrera to the Marshals, including Defendant Herrera's work address as an "alternative" to the primary address provided. Return of Service as to Defendant Herrera ("Herrera Ret. Serv."), ECF 12. Plaintiff provided one address for Defendant Churchill Leonard, which appears to be its place of business in Salem, OR. Return of Service Defendant Churchill Leonard ("Churchill Leonard Ret. Serv."), ECF 13. Plaintiff specifically indicated that the Marshals should "serve on David Leonard, Esquire." *Id.* On February 9, 2018, the Marshal served the summonses and Amended Complaint via Fed Ex. *Id.*; Herrera Ret. Serv.

The Marshal served Defendant Herrera at the work address provided by Plaintiff, a Social Security Office in Salem, Oregon. Herrera Ret. Serv. at 2. The return of service shows that the

---

[1] Based on the declarations filed by David Leonard and Defendant Herrera, it appears that the U.S. Marshal attempted to serve Defendants with the First Amended Complaint. Leonard Decl. ¶ 3, ECF 16; Herrera Decl. ¶ 2, ECF 15.

documents were signed for by L.Nitti, described as "Receptionist/Front Desk." *Id.* Defendant Herrera confirms that the documents were delivered to his office via FedEx, but asserts he did not sign for the package. Herrera Decl. ¶ 2, ECF 15. Defendant Herrera also states that "no one in [his] office is an agent authorized by appointment or by law to receive service of process for [him]" and that he has not been personally served or received by first class, certified, registered, or express mailing the summons, complaint, or first amended complaint. *Id.* at ¶¶ 3–4.

Defendant Churchill Leonard was served at its place of business. Churchill Leonard Ret. Serv.; Leonard Decl. ¶ 3, ECF 16. As with Defendant Herrera, the documents were signed for by "M.Brooks," described as "Receptionist/Front Desk." Churchill Leonard Ret. Serv. at 2. Defendant Churchill Leonard confirms in a declaration from David Leonard—an attorney, president, and secretary of Defendant Churchill Leonard—that "M.Brooks" is Megan Brooks, an administrative assistant who works for Defendant Churchill Leonard. Leonard Decl. ¶¶ 1, 3. Ms. Brooks is not the registered agent for Defendant Churchill Leonard. *Id.* at ¶ 2. Nor is she an "officer, managing or general agent, or agent authorized by appointment or by law to receive service of process for Churchill Leonard." *Id.* at ¶ 4. Defendant Churchill Leonard's registered agent is "Registered Agent Service Company, LLC." *Id.* at ¶ 2. Defendant Churchill Leonard asserts that it has not been personally served or received the summons, complaint, or amended complaint by first class mail or a certified, registered, or express mailing. *Id.* at ¶ 6.

On February 15, 2018, defense counsel notified Plaintiff via email that she believed service of process was insufficient. Def. Mot. 3, ECF 14; Cook Decl. Ex. 1 at 1, ECF 17. Counsel offered to waive service instead of filing a motion to dismiss under Rule 12(b)(5). Cook Decl. Ex. 1 at 1. Plaintiff denied Defendants' request for a waiver, and Defendants filed the present motion. *Id.*

**STANDARDS**

Rule 12(b)(5) allows a defendant to move to dismiss the action where the service of process of a summons and complaint is insufficient. Fed. R. Civ. P. 12(b)(5). It is plaintiff's burden to establish the validity of service of process. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) ("When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity."); *Neilson v. Beck*, No. CV-94-520-FR, 1994 WL 578465, at *3 (D. Or. Oct. 18, 1994) ("Once a party has challenged the sufficiency of process under Rule 12(b)(5), the party on whose behalf service is made has the burden of establishing its validity."). The court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion. *See Lachick v. McMonagle*, No. CIV. A. 97-7369, 1998 WL 800325, at *2 (E.D. Pa. Nov. 16, 1998) ("Factual contentions regarding the manner in which service was executed may be made through affidavits, depositions, and oral testimony.").

If service is ineffective, the court may dismiss the action or quash the service. "The choice between dismissal and quashing service of process is in the district court's discretion." *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). "Service will ordinarily be quashed and the action preserved where 'there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly.'" *Bravo v. Cty of San Diego*, No. C 12-06460 JSP, 2014 WL 555195, at * 1 (N.D. Cal. Feb. 10, 2014) (citing 5C Wright & Miller, Federal Practice and Procedure § 1354 (1969)). The district court also has the discretion, upon a showing of 'good cause' to extend the time for service outside of the 90-day period provided for in Rule 4. Fed. R. Civ. P. 4(m); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2001) ("Rule 4(m)

explicitly permits a district court to grant an extension of time to serve the complaint after the [90-day] period." (emphasis in original)).

## DISCUSSION

**I.      Adequacy of Service**

Defendants argue that Plaintiff has not properly served them under Oregon or Federal law. Plaintiff responds that service was adequate under Oregon law because it was "reasonably calculated" to apprise Defendants of the pendency of the action as evidenced by Defendants' affidavits, which show the service effected by the U.S. Marshals gave them adequate notice of the lawsuit. Pl. Resp. ¶¶ 4, 6, ECF 18. Because service did not comply with the service methods described in the Oregon or Federal Rules of Civil Procedure and Plaintiff has not demonstrated that service was reasonably calculated to apprise Defendants of this action, the Court agrees with Defendants.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P.  4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4(e) allows an individual to be served by several methods, including:

> (A)  delivering a copy of the summons and of the complaint to the individual personally;
>
> (B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Rule 4(h) provides that a corporation or other business association may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civil P. 4(h)(1)(B). For both individuals and corporations, the Rules also allow a defendant to be served "following state law for serving a summons in the action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id.* at 4(e)(1); *see also id.* at 4(h)(1)(A) (allowing service on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual").

In this state, Oregon Rule of Civil Procedure ("ORCP") 7 governs service on an individual and businesses. In the case of an individual, true copies of the summons and complaint may be delivered: (a) by personal service; (b) by substituted service at the defendant's dwelling or usual place of abode to a person 14 or older who resides there; or (c) by office service at the defendant's office during normal working hours to the person who is apparently in charge. ORCP 7 D(3)(a)(i); *see also* ORCP 7 D(2)(a)–(c) (generally describing the permissible methods of service). So long as the individual is not a minor or an incapacitated person, an individual defendant may be served by mailing the defendant true copies of the complaint and summons via first class mail and by certified, registered, or express mail. ORCP 7 D(2)(d); ORCP 7 D(3)(a)(i). In the case of a professional corporation, the primary service method contemplated by the Oregon rules is either personal service or office service on a registered agent, officer, or director or personal service upon any clerk on duty in the office of a registered agent. ORCP 7 D(3)(b)(i). In addition, service on a corporation or an individual is allowed "in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford reasonable opportunity to appear and defend." ORCP 7 D(1).

A.      Adequacy of Service under the Federal Rules

Defendants contend that service was inadequate under Rule 4(e)(2) and 4(h)(1)(B). With regard to Defendant Herrera, the attempted service did not comply with any of the methods permitted by Rule 4(e)(2) for service on an individual. Here, the documents were sent to Defendant Herrera via FedEx. He was not served personally with a copy of the summons and the complaint or amended complaint as permitted by Rule 4(e)(2)(A). The documents were not sent to his dwelling or usual place of abode as described in Rule 4(e)(2)(B). Finally, L.Nitti, the receptionist at Defendant's place of work, is not an agent authorized by appointment or by law to receive service of process on behalf of Defendant under Rule 4(e)(2)(C). Herrera Decl. ¶ 3 ("No one in my office is an agent authorized by appointment or by law to receive service of process for me.").

Similarly, with regard to Defendant Churchill Leonard, the attempted service did not comply with any of the methods permitted by Rule 4(h)(1)(B). A copy of the summons and the Amended Complaint were left with an administrative assistant, Ms. Brooks. Leonard Decl. ¶ 3.There is no evidence to suggest that she is an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process as required by Rule 4(h)(1)(B). *See id*. at ¶ 4 ("Ms. Brooks is not an officer, managing or general agent, or an agent authorized by appointment or by law to receive service of process for Churchill Leonard."). Accordingly, service on both Defendant Herrera and Defendant Churchill Leonard was ineffective under the permissible methods described in the Federal Rules of Civil Procedure.

B.      Adequacy of Service under Oregon law

Defendants also contend that service was inadequate under ORCP 7 D(3)(a) and ORCP 7 D(3)(b). To determine whether service was adequate under ORCP 7, the Court applies the two-

part test set out in *Baker v. Foy*. 310 Or. 221, 228, 797 P.2d 349, 354 (1990). First, the Court asks whether "the method in which service of summons was made [was] one of those methods described in ORCP 7 D(2), specifically permitted for use on the particular defendant by ORCP 7 D(3), and accomplished in accordance with ORCP 7 D(2)." *Id.* If so, then service is presumptively adequate under the Oregon rules. *Id.* at 229. If not, "or there is something in the record that overcomes the presumption of validity of service of summons," the court asks whether "the manner of service employed by plaintiff satisf[ies] the 'reasonable notice' standard of adequate service set forth in ORCP 7 D(1)." *Id.* at 229, 797 P.2d at 354–55. In answering the second question, Oregon courts "determine the adequacy of service . . . by examining the totality of the circumstances as they were known to plaintiffs at the time of service." *Hoeck v. Schwabe, Williamson & Wyatt*, 149 Or. App. 607, 617, 945 P.2d 534, 540 (1997). Under the second prong of the analysis, "the burden is on plaintiff to show that, in the individual circumstances, the manner of service employed" satisfied the reasonable notice standard in ORCP 7 D(1). *Edwards v. Edwards*, 310 Or. 672, 678–79, 801 P.2d 782, 786 (1990).

        i.        Presumptively Adequate Service Methods

Defendant argues—and Plaintiff does not dispute—that service did not comply with any of the presumptively adequate methods of service under Oregon law. With regard to Defendant Herrera, Plaintiff was required to serve Defendant by personal service, substitute service, office service, or mail. ORCP 7 D(3)(a)(i). In this case, copies of the summons and Amended Complaint were delivered by FedEx to L.Nitti at Defendant Herrera's workplace. Plaintiff did not serve Defendant personally as described in ORCP 7 D(2)(a) or at his dwelling house or usual place of abode as required for substitute service under ORCP 7 D(2)(b). Plaintiff also did not mail the summons and complaint by first class mail and certified, registered, or express mail as

required under ORCP 7 D(2)(d)(i). And Plaintiff did not serve a copy of the summons and complaint "with the person who is apparently in charge" as required for office service under ORCP 7 D(2)(c). L.Nitti—who received the summons—is described only as "Receptionist/Front Desk" in the return of service. Plaintiff also did not send a copy of the complaint and summons by first class mail to Defendant Herrera, as is required for both substitute and office service. ORCP 7 D(2)(b)–(c). Accordingly, Plaintiff's service on Defendant Herrera did not comply with the methods described in ORCP 7 D(2) and is not presumptively valid.

With regard to Defendant Churchill Leonard, Plaintiff was required to serve either a registered agent, officer, or director by personal or office service, or a clerk on duty in the office of a registered agent by personal service.[2] Again, copies of the summons and Amended Complaint were delivered by FedEx to Ms. Brooks at Defendant Churchill Leonard's place of business. Ms. Brooks was neither served personally nor is she a registered agent, officer, or director of Defendant Churchill Leonard or a clerk in the office of the registered agent as required by ORCP 7 D(3)(b). And Ms. Brooks—also described as "Receptionist/Front Desk" in the return of service—was not apparently in charge of the office of the registered agent, officer, or director of Defendant Churchill as required ORCP 7 D(2)(c). Plaintiff did not follow up by mailing copies of the complaint and summons to Defendant as is required for office service. Thus, Plaintiff's service on Defendant Churchill Leonard also fails to comply with the methods described in ORCP 7 D(2) and is not presumptively valid.

///

---

[2] ORCP 7 D(3)(b) also describes four additional alternative methods of service on a corporation. However, these alternative service methods are only available "[i]f a registered agent, officer, or director cannot be found in the county where the action is filed." ORCP 7 D(3)(b)(ii). To invoke these methods, the burden is on the plaintiff to first demonstrate that the requirements of ORCP 7 D(3)(b)(ii) have been met. *Rosado v. Roman*, No. 16-cv-784-SI, 2017 WL 3473177, at *4 (D. Or. Aug. 11, 2017). Here, Plaintiff has not made any showing that Defendant Churchill Leonard does not have a registered agent, officer, or director in Multnomah County. The Court therefore declines to determine whether service was adequate under any of the alternative methods of service on a corporation.

ii.     Reasonable notice

In response to Defendants' motion, Plaintiff primarily argues that service was adequate under ORCP 7 D(1). Pl. Resp. ¶ 4. ORCP 7 D(1) permits service "in any manner reasonably calculated under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." The Oregon Court of Appeals has held that "service on a third person may be adequate under ORCP 7 D(1) if the process server has reason to believe that the person with whom the summons and complaint have been left has regular, frequent and predictable contact with the defendant." *Hoeck*, 149 Or. App. at 617, 945 P.2d at 540; *see also Duber v. Zeitler*, 118 Or. App. 597, 601, 848 P.2d 642, *rev. den.* 316 Or. 527, 854 P.2d 939 (1993) (holding service was adequate when left with wife whom defendant has regular, frequent, and predicable contacts with, and whom process server knew would be visited by defendant in the near future). Courts interpret this standard narrowly, often requiring actual knowledge as to roughly when the person receiving service will next see the defendant. Otherwise, courts find that the process server had no reason to believe service would be sufficient to apprise the defendant of the existence and pendency of the action. *See Levens v. Koser*, 126 Or. App. 399, 403, 869 P.2d 344, 345 (1994) (service not reasonably calculated when given to mother of defendant when mother's address was listed with the DMV but defendant no longer lived there, noting a lack of follow up questions); *Atterbury v. Wells*, 125 Or. App. 591, 594-95, 866 P.2d 484, 485–86 (1994) (service was not effective when left with the adult daughter of the defendant without further inquiry into her relationship with her father, despite daughter saying she would give it to him).

In *Stull v. Hoke*, the Oregon Court of Appeals addressed the reasonableness of service under ORCP 7 D(1) on an individual and a law firm. 153 Or. App. 261, 265, 957 P.2d 173, 175–

76 (1998). The court held that, given the totality of the circumstances, the service on the individual was "reasonably calculated" to provide the individual defendant notice of the action and reasonable opportunity to appear. *Id.* at 268, 957 P.2d at 177. The process server left the complaint and summons with a receptionist at the individual defendant's office, returned to the office to inquire if the defendant had received the papers, and was informed by the receptionist that the defendant had both received the papers and was reading them. *Id.* Because the process server had sufficient knowledge that the service was reasonably calculated to provide notice and it was not "happenstance" that the defendant received such notice, service was not improper. *Id.*

By contrast, the court determined that service on the defendant law firm—a general partnership—was not reasonably calculated to provide it with adequate notice. *Id.* at 269–71, 957 P.2d at 178–79. The record did not show that the receptionist who received the documents was a person "designated expressly or implicitly to receive service of process or important correspondence" for the defendant, and "[t]here [was] no indication as to the frequency and nature of contact that [the receptionist] had with the partners of the firm or the extent of her duties." *Id*. at 271, 957 P.2d at 179. The process server never asked about her relationship with the defendant or followed up with a mailing. *Id.* And the receptionist did not inform the server she would deliver the documents to any of the partners. *Id.* On these facts, the court could not find that the service complied with the requirements of ORCP 7 D(1). *Id.*

Similarly, in *Murphy v. Price*, the Oregon Court of Appeals determined that service by mail did not comport with the reasonable notice standard of ORCP 7 D(1). 131 Or. App. 693, 697, 886 P.2d 1047, 1049 (1994). There, the plaintiff had confirmed that the defendant was located at a particular address. *Id.* The plaintiff, however, "did not know if other persons resided at that address" or whether the "defendant's landlord was authorized to pick up mail for

defendant." *Id.* The court reasoned that on these facts "anyone at that address . . . could have signed for the receipt of the summons and complaint, with no assurances that defendant would ever see the papers." *Id.* Because the "plaintiff did not know who would actually receive the summons and complaint once they were delivered," the service was not reasonably calculated to apprise the defendant of the pending action. *Id.*

Here, Plaintiff suggests that service was adequate because Defendants had actual notice of the pendency of the action, as evidenced by "their own affidavits." Pl. Resp. ¶ 6. However, "actual notice by the defendant of the action does not make service adequate." *Baker*, 310 Or. at 230, 797 P.2d at 355 (citing *Jordan v. Wiser*, 302 Or. 50, 60, 726 P.2d 365, 370 (1986)). Instead, to determine whether service was reasonably calculated to give notice to the defendant, the Court "focus[es] on what was known to the process server at the time of the purported service." *Stull*, 153 Or. App. at 269, 957 P.2d at 178.

With this framework in mind, the Court cannot find that service was reasonably calculated to apprise Defendants about the pendency of this action. Unlike the process server in *Stull* who served the defendants personally, the Marshal here sent copies of the summonses and complaint by FedEx to the addresses provided by Plaintiff. Plaintiff has not provided any evidence to suggest that the Marshal believed the documents would be received by Defendants or a person either designated to receive service for Defendants or in regular, frequent, and predicable contact with Defendants. As in *Murphy*, it appears the Marshal, acting on behalf of Plaintiff, did not know who would receive the documents once they were delivered and had no assurances that Defendants would ever see the Amended Complaint and summonses. *See Murphy*, 131 Or.App. at 697, 886 P.2d at 1049. Accordingly, based on the evidence in the record, service was ineffective.

## II.     Whether to Dismiss or Quash Service

It is within the Court's discretion to dismiss or quash service. *See Stevens,* 538 F.2d at 1389. Under Rule 4(c)(3) "a party proceeding *in forma pauperis* is entitled to have the summons and complaint served by the U.S. Marshal." *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990). While the plaintiff has an obligation to attempt to remedy any defects in service he becomes aware of, a plaintiff will not be penalized for relying on the actions the Marshals to effect service. *Id.* at 274–75 (citing *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 310 (2nd Cir. 1990)). "Because [*in forma pauperis*] plaintiffs rely on the marshal to effect service, courts in the Ninth Circuit act 'leniently' when service is ineffective . . . ." *Biers v. Wash. State Liquor & Cannabis Bd.*, C15-1518JLR, 2016 WL 7723977, at *1 (W.D. Wash. April 21, 2016).

Here, the U.S. Marshals attempted to effect service. The evidence suggests that the method of service was selected by the Marshal. Further, it appears that Plaintiff provided accurate information to the Marshals in aid of that service as the complaint and summonses were delivered to Defendants' places of business. Had the Marshals chosen a different method of service in compliance with ORCP 7 or Fed. R. Civ. P. 4, service may have been effective. The Court acknowledges that Plaintiff was made aware of these potential defects by counsel for Defendants and does not appear to have taken steps to remedy these issues.  However, as Plaintiff was entitled to rely on the Marshals for service and there is no evidence to suggest that Plaintiff cannot properly serve Defendants, the Court elects to quash service rather than dismiss this action. *See Moody v. Finander*, No. 09-CV-0892-LAB (BGS), 2011 WL 4479074, at *4 (S.D. Cal. Aug. 26, 2011) (quashing service and allowing the plaintiff additional time to serve the defendant where there was no reason to believe the plaintiff could not properly serve the defendant and service was improper in part due to an error by the U.S. Marshals).

**CONCLUSION**

Defendant's Motion to Dismiss [14] is DENIED. Instead, the ineffective service on Defendants is QUASHED. Plaintiff is granted an extension of time under Fed. R. Civ. P. 4(m) to effectuate proper service on Defendants. The U.S. Marshal is directed to re-attempt service of the Amended Complaint and Summons upon Defendants within 30 days of the issuance of this Order.

IT IS SO ORDERED.

Dated this _____ day of June, 2018.


_____
MARCO A. HERNÁNDEZ
United States District Judge


.